RECEIVED

APR 2 8 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____



**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **KELDRICK KING, SR.** | **CIVIL ACTION NO: 13-3043** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **INK'S OF CONCORDIA STREET INC.** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the Court is Plaintiff's Motion to Remand [Doc. 15] to state court his action against Defendants. Defendant The Goodyear Tire & Rubber Company ("Goodyear") removed this case from state court claiming that a non-diverse party was joined improperly at the commencement of this action. Also before the Court is a motion for summary judgment filed by Defendant Ink's of Concordia Street ("Ink's Firestone"). [Doc. 12]. Having reviewed the motions, the submissions of the parties, the pleadings, and the applicable law, the motion to remand is hereby **GRANTED** and the motion for summary judgment is hereby **DISMISSED AS MOOT**.

## I. BACKGROUND

This case arises from an automobile accident that occurred in August 2012 in which the Plaintiff alleges that a defective tire caused the accident. According to the Plaintiff, the thread on his vehicle separated from the tire, thereby causing the Plaintiff to lose control of his vehicle.[1]

On November 2, 2012, the Plaintiff filed this action in state court against Ink's Firestone, the automotive repair shop where Plaintiff alleges he purchased the tire.[2] He asserts claims against Ink's

---

[1] Doc. 1.

[2] *Id.* This action was initially filed in the 4th Judicial District Court for the Parish of Ouachita, Louisiana.

1

Firestone for negligence and product liability, all of which relate to the allegation that Ink's Firestone marketed and sold the tire at issue to him. Plaintiff and Defendant Ink's Firestone are both citizens of Louisiana for diversity jurisdiction purposes.

On October 3, 2013, Plaintiff filed an amended complaint and added Goodyear as a defendant as the maker of the tire.[3] Goodyear is a citizen of Ohio for diversity purposes. Goodyear then filed to remove this action on November 11, 2013.[4] In the Notice of Removal, Goodyear asserts that because all of Plaintiff's claims against Ink's Firestone (the only non-diverse defendant) necessarily fail in light of the evidence, the action is removable under the doctrine of fraudulent joinder. On December 11, 2013, Plaintiff filed the motion to remand now before this Court.[5] Plaintiff argues that Goodyear's removal is untimely in addition to being improper on the merits.

The overarching issue before this Court is whether there is a possibility that the Plaintiff can establish a cause of action against Ink's Firestone. According to Emmett Cobb, the owner and manager of Ink's Firestone, there is no record that the store sold the tire to Plaintiff.[6] Mr. Cobb states that he conducted a diligent search of his company's business records and located no receipts, invoices, or documents of any nature evidencing a sale of the tire at issue. In response, Plaintiff executed an affidavit one day before filing for remand stating that he did in fact purchase the tire in June 2012 from Ink's Firestone in Monroe, Louisiana.[7] Plaintiff alleges that he paid cash for the

---

[3] *Id.*

[4] Doc. 1.

[5] Doc. 15.

[6] Doc. 1 at Exh. 2 (Emmett Cobb Aff.).

[7] Doc. 15-2 at Exh. 1 (Keldrick King Aff.).

subject tire. Plaintiff also states that he had purchased tires for other vehicles he owned at the store prior to the June 2012 purchase.[8]

## II. STANDARD OF REVIEW

A defendant may remove a state court action to federal court only if the action originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir.1998). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir.2008) (*quoting In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir.2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) .

"The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983). To establish improper joinder, also known as fraudulent joinder, the burden is on the removing party to prove either: (1) actual fraud in the pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff could establish a cause of action against the in-state defendant in state court. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 389 (5th Cir.2005); *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003); *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). Goodyear asserts that the second test applies.

Under the second way of proving improper joinder, the defendant must demonstrate that there is no reasonable basis for a district court to predict that the plaintiff might recover. *Smallwood v.*

---

[8] *Id.*

*Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Again, "[t]he burden of persuasion placed

upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc.*, 663 F.2d at 549. The task

of the court is not to determine whether the plaintiff will actually or probably prevail on the merits

of the claim. *Rodriguez*, 120 F.3d at 591. Rather, the court looks only for a possibility that the

plaintiff may prevail. *Id.*

### III. DISCUSSION

Plaintiff moves to remand his case back to state court on two grounds: (1) the notice of

removal is insufficient and based upon evidence that creates a fact issue; and (2) improper removal

on procedural grounds under 28 U.S.C. § 1446 because removal was not timely. Plaintiff's first

argument hinges on whether Ink's Firestone was improperly joined. The crux of Plaintiff's second

argument is whether the removal violates the one-year rule within 28 U.S.C. § 1446(c).

### 1. Whether Ink's Firestone was Improperly Joined

It is undisputed that diversity jurisdiction did not exist at the time this case was commenced

in state court. Plaintiff and Defendant Ink's Firestone are both citizens of Louisiana. Complete

diversity of citizenship, which is a prerequisite to federal jurisdiction under § 1332(a), is therefore

lacking. Goodyear asserts that the action was properly removed despite Ink's Firestone presence

under the doctrine of fraudulent joinder. This Court disagrees.

In evaluating fraudulent joinder claims, this court may "pierce the pleadings" and consider

summary judgment-type evidence in the record. *Travis v. Irby*, 326 F.3d at 648-49. Ultimately,

Goodyear must demonstrate to this Court that there is no possibility that Plaintiff has stated a viable

claim against Ink's Firestone. The threshold issue, therefore, is whether Ink's Firestone ever sold the

tire to the Plaintiff. Indeed, all of Plaintiff's claims against Ink's Firestone are premised on the fact

that Ink's Firestone sold the tire at issue to Plaintiff. In this case, Mr. Cobb, the owner and operator of Ink's Firestone, has submitted an affidavit stating that he never sold any tires to the Plaintiff.[9] Mr. Cobb states that he conducted a diligent search of his company's business records and located no receipts, invoices, or documents of any nature evidencing a sale of the tire at issue. In response, the Plaintiff has submitted an affidavit stating that he did in fact purchase the tire from the store.[10] In Plaintiff's affidavit, he provides specific tire information, the location of the store, method of payment information, and other details about his alleged dealings with the store and its employees. Quite clearly, the two competing affidavits create a dispute of fact.

Because of the high standard for demonstrating fraudulent joinder, and keeping in mind that all disputed questions of fact are to be resolved in favor of the non-removing party, the Court finds that Goodyear has not shown fraudulent joinder on this point. Both parties have submitted competing affidavits, thus creating a factual dispute that goes to the merits of the Plaintiff's claims. Therefore, at this stage of the proceedings the Court "should not conduct a full evidentiary hearing" in order to test the merits of those claims. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Connerly v. Gethers*, CIV.A. 08-4734, 2009 WL 1605140 (E.D. La. June 5, 2009).

The current matter before the Court is acutely similar to numerous cases relied on by the Plaintiff. Most notably, there is a common theme among all of the cases cited by both sides: there is a factual dispute between the parties. Plaintiff predominantly relies on *Connerly v. Gethers* where the court held that remand was warranted due to competing affidavits from the business owner and

---

[9] Doc. 1 at Exh. 2 (Emmett Cobb Aff.).

[10] Doc. 15-2 at Exh. 1 (Keldrick King Aff.).

5

the buyer. Like the case at hand, the *Connerly* court's remand hinged on two competing affidavits. Importantly, the factual dispute created by conflicting affidavits was the basis for the decision. Goodyear counters by pointing to the fact that there was some limited additional evidence. However, Goodyear has simply not provided this Court with *nearly enough* evidence to reach the high burden that it must satisfy. At the end of the day, the two affidavits, at a bare minimum, cancel each other out, and, in the event of a close call, this Court must err on the side of remand. *Dowdall v. Cooper Tire & Rubber Co.*, 2009 WL 2982914 (M.D. La. Sept. 11, 2009) is also similar to our case because the court found that the liability of the tire store remained hotly disputed.

An equally importantly consideration is that this Court must resolve all disputed questions of fact from the pleadings and affidavits in favor of the Plaintiff. This Court further notes that defendants heavily rely on fine distinctions in the case law that invite the court "to weigh the evidence, which is not appropriate in a motion to remand, even where the weight tilts toward the defendants." *Id.* at *3.

Goodyear further argues that Plaintiff cannot establish a cause of action against Ink's Firestone under Louisiana law. Goodyear contends that, even assuming that Plaintiff can establish a factual dispute on the issue of whether Ink's Firestone marketed or sold the tire at issue, he cannot prevail on the alleged causes of action. As noted earlier, Plaintiff asserts claims against Ink's Firestone for negligence and product liability, all of which relate to the allegation that Ink's Firestone marketed and sold the tire at issue to him. Goodyear argues that Ink's Firestone cannot be held liable under the Louisiana Products Liability Act (LPLA) because Ink's Firestone does not meet the definition of manufacturer set forth in the Act.[11] It is undisputed that Ink's Firestone does not meet

---

[11] La. Rev. Stat. Ann. § 9:2800.53 (defining manufacturer).

the definition of manufacturer set forth in the Act. LSA–R.S. 9:2800.53 and the Act only applies to manufacturers.

In the Complaint, Plaintiff also asserts that the subject tire had obvious defects which Ink's Firestone failed to inspect and these defects would have been obvious upon inspection.[12] Specifically, Plaintiff contends that the tire at issue had obvious defects which Ink's Firestone failed to inspect, or, in the alternative, inspected the tire and failed to disclose such defects.

Louisiana law provides that a non-manufacturing seller, such as Ink's Firestone in this case, is not liable for damages in negligence unless it knew or should have known that the product sold was defective and failed to declare it. *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408 (5th Cir.1993); *Jackson v. Sears Authorized Retail Dealer Store*, 36,166 (La.App. 2 Cir. 6/12/02), 821 So.2d 590, 593. Furthermore, unlike a manufacturer, a non-manufacturing seller of a product is not presumed to have knowledge of a product's vices, and it is not required to inspect the product it sells prior to sale to determine the possibility of any inherent vices or defects in the product. *Kelley*, at 1414-15; *Bellow v. Fleetwood Motor Homes*, 2007 WL 130838, *2 (W.D.La.2007); *Harris v. Bardwell*, 373 So.2d 777 (La.App.1979)(Seller does not have to make a minute inspection or disassemble the product to look for latent defects). There is no duty to warn against dangers which are obvious or of which the buyer should be aware. *Sonnier v. Magic Circle Corp.*, CIV.A. 13-0246, 2013 WL 5781323 (W.D. La. Oct. 25, 2013).

After considering the relevant Louisiana law, the court cannot conclude that the Plaintiff does not have at least an arguably viable cause of action against Ink's Firestone with respect to the obvious defects argument. According to Bruce Currie, a tire failure analyst, "a simple visual and

---

[12] Doc. 1 at Exh. 1 (amended Complaint).

tactile inspection of the Subject Tire would have revealed indications of its dangerous condition and imminent failure."[13] As already discussed, because much of the evidence remains in dispute, the court finds that there is a possibility that Plaintiff can prove his causes of action against Ink's Firestone.[14] To reiterate: Plaintiff has satisfied, theoretically at least, the minimal burden required to make out a claim against Ink's Firestone. Whether Plaintiff will ultimately be able to offer sufficient proof to support the claims is a matter that a court empowered with proper jurisdiction may more fully address within the context of a motion for summary judgment or a trial on the merits. Indeed, this Court is not in a position to judge the sufficiency of this evidence except to state that it is enough to survive the fraudulent joinder analysis.

In sum, having pierced the pleadings, this Court finds that Ink's Firestone was not fraudulently joined at the commencement of this action, complete diversity does not exist, and this Court therefore does not have subject matter jurisdiction. Accordingly, remand is required.

## 2. Whether Removal is Untimely

Having determined that remand is required because Ink's Firestone was not improperly joined at the commencement of this action, this Court sees no need to address the procedural challenges in this matter.

## 3. Summary Judgment Dismissed as Moot

As already noted, there is also a motion for summary judgment filed by Defendant Ink's

---

[13] Doc. 27 at Exh. 2 (Bruce Currie Aff.).

[14] *See Rodriguez*, 120 F.3d at 591. Once again, the court must look only for a possibility that the Plaintiff may prevail. In the instant case, there is certainly a possibility. The court will also note that Goodyear's reliance on *Sonnier* is misplaced, chiefly because the *Sonnier* court found that the plaintiff failed to provide enough competent evidence regarding the defendant's liability. In the instant case, the Plaintiff's tire expert provides fairly convincing evidence, at least convincing enough to grant the remand. *See* Doc. 27 at Exh. 2 (Bruce Currie Aff.).

Firestone before this Court.[15] Plaintiff opposes this motion by arguing that this Court does not have jurisdiction.[16] Having determined that this Court does not have jurisdiction over the matter and having resolved the remand, this Court hereby dismisses the motion for summary judgment as moot.

**4. Plaintiff is Not Entitled to Attorney's Fees**

Plaintiff argues that he is entitled to attorney's fees. We disagree. The Supreme Court has explained, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 708, 163 L. Ed. 2d 547 (2005). After thoroughly reviewing the record, this Court readily concludes that Goodyear had an objectively reasonable basis for removal in light of the circumstances of this case. This Court further notes that Plaintiff's arguments raised in his reply brief are unconvincing.[17] Accordingly, Plaintiff's request is denied.

## IV. CONCLUSION

After reviewing the motions, the submissions of the parties, the pleadings, and the applicable law, the motion to remand is hereby **GRANTED** [Doc. 15] and the motion for summary judgment is hereby **DISMISSED AS MOOT**. [Doc. 12].

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this the 26 day of April, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 12.

[16] Doc. 17.

[17] Doc. 27 at pp. 9-10.

9